UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRANDI FERRARINI, *mother and Natural Guardian of E.F.P., a minor*, | CASE NO.:  1:24-cv-01373 |
| Plaintiff, | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | |
| CLEVELAND METROPOLITAN SCHOOL DISTRICT, *et al.*, | **OPINION AND ORDER** |
| Defendants. | |

Before the Court is Defendants' Motion to Dismiss Plaintiff's complaint for lack of standing under Federal Rule of Civil Procedure 12(b)(1). (Doc. 16.) Plaintiff responded in opposition (Doc. 17), and Defendants replied (Doc. 18). For the reasons stated herein, Plaintiff lacks standing to pursue this action. This case is DISMISSED pursuant to Fed. R. Civ. P 12(b)(1) and REMANDED to the Cuyahoga County Court of Common Pleas pursuant to 28 U.S.C. § 1447(c).

**I.  BACKGROUND**

On June 25, 2024, the Cuyahoga County Department of Children and Family Services ("CCDCFS") was awarded custody of E.F.P. in a dependency action. (Doc. 16-1 at 169-70.)[1] On July 3, 2024, Plaintiff Brandi Ferrarini, mother of E.F.P., a minor, filed a complaint on E.F.P.'s behalf against Defendants Cleveland Metropolitan School District, Cleveland Metropolitan School District Board of Education, and Joel Black's (collectively, "Defendants") in the Cuyahoga County Court of Common Pleas. (Doc. 1 at 2.) Plaintiff alleges claims arising under Title IX of the Education Amendment of 1972, 20 U.S.C. § 1681, and state law. (*Id.* 2-3.)

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

On August 12, 2024, Defendants timely removed the action pursuant to 28 U.S.C. §§ 1441(a) and 1446. (*Id.* at 1-3.)

On February 28, 2025, Plaintiff responded to Defendants' written discovery. (*See* Doc. 16-1.) Defendants' Interrogatory No. 10 asked Plaintiff to list any individuals who have maintained legal custody of E.F.P. since January 1, 2022, to the present. (*Id.* at 170.) Plaintiff responded: "Brandi Ferrarini 01/01/2022 through 06/25/2024 . . . Cuyahoga County Department of Children and Family Services have had temporary custody from late 06/25/2024 to present." (*Id.*) Plaintiff's response to Interrogatory No. 8 confirmed E.F.P. currently has a pending dependency case in the Juvenile Division of the Cuyahoga County Court of Common Pleas. (*Id.* at 169.) In response to a request to produce documents demonstrating legal custody of E.F.P., Plaintiff stated she "has no such responsive documents in her possession." (*Id.* at 182.)

On March 5, 2025, Defendants' counsel notified Plaintiff's counsel of the potential implications of Plaintiff not having custody of E.F.P. (Doc. 16-2 at 192.) On March 7, 2025, Plaintiffs' counsel responded and provided additional information on the custody matter. (*Id.* at 193-94.) Plaintiff asserted the loss of custody is temporary and indicated there are efforts to reunite Plaintiff with E.F.P. (*Id.*)

On March 14, 2025, Defendants filed this motion, requesting dismissal of Plaintiff's claims for lack of standing. (Doc. 16.) Plaintiff responded, agreeing with Defendants' factual and procedural recitation, but disagreeing Plaintiff lacks standing. (Doc. 17.) Instead, Plaintiff asserts she has standing to maintain this action, but if the Court were to find she does not, remand would be required. (*Id.*)

II.     **LAW AND ANALYSIS**

    A.     **Standard of Review**

A motion to dismiss pursuant to Rule 12(b)(1) challenges a court's subject matter

jurisdiction. Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the U.S. Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The plaintiff has the burden of proving subject matter jurisdiction to survive a motion to dismiss pursuant to Rule 12(b)(1). *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Lack of subject matter jurisdiction is a non-waivable, fatal defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990).

Rule 12(b)(1) motions may challenge jurisdiction facially or factually. Fed. R. Civ. P. 12(b)(1); *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). In a facial attack, the challenger asserts the complaint allegations are insufficient on their face to invoke federal jurisdiction. *Id.; see also In re Title Ins. Antitrust Cases*, 702 F. Supp. 2d 840, 884-85 (N.D. Ohio 2010) (citations omitted). In a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *Id.* A challenge to subject matter jurisdiction may be considered a factual attack when the attack relies on extrinsic evidence, as opposed to the pleadings alone, to contest the truth of the allegations. *Id.*

Here, Defendants present a factual attack to this Court's jurisdiction. The Court may therefore consider Plaintiff's discovery responses and extrinsic evidence on custody of E.F.P. *See Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003) (on a factual attack, a district court may consider evidence outside the pleadings to determine if jurisdiction exists). On a factual challenge to jurisdiction, there is no presumption of truthfulness in favor of the non-

moving party.  *U.S. v. A.D. Roe Co.*, 186 F.3d 717, 722 (6th Cir. 1999).

    **B.**    **Standing**

Defendants assert Plaintiff did not have legal custody of E.F.P. when she filed this action and still does not have legal custody of E.F.P.  (Docs. 16, 18.)  CCDCFS has maintained temporary custody of E.F.P. since June 25, 2024.  (*Id.*)  To Defendants, Plaintiff's lack of custody means Plaintiff cannot establish standing, so this Court lacks subject matter jurisdiction.  (*Id.*)

Under Federal Rule of Civil Procedure 17(c)(1)(A), "a general guardian" may sue or defend on behalf of a minor.  The general guardian must meet federal standing requirements set forth in Article III of the Constitution.  The general guardian must also meet prudential standing requirements, which are "judicially self-imposed limits on the exercise of federal jurisdiction."  *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004) (citations omitted) ("*Elk Grove*"), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014).  To establish prudential standing: "(1) a plaintiff must assert his own legal rights and interests, without resting the claim on the rights or interests of third parties; (2) the claim must not be a generalized grievance shared by a large class of citizens; and (3) in statutory cases, the plaintiff's claim must fall within the zone of interests regulated by the statute in question."  *McGlone v. Bell*, 681 F.3d 718, 728-29 (6th Cir. 2012) (citations on quotations omitted).

Under the first prudential standing requirement, courts have held a parent cannot establish prudential standing on behalf of a minor child when that parent does not have legal custody of the minor child.  (Doc. 16 at 156.)  In *Elk Grove*, the Supreme Court held where a minor child's mother had exclusive legal custody, the child's father lacked prudential standing to bring a federal lawsuit on behalf of the child.  542 U.S. at 14-18.  The Sixth Circuit has adhered

to the standing rule recognized in *Elk Grove*.  *See Stephens v. Hayes*, 374 F. App'x 620, 622 (6th Cir. 2010) ("Because their parental rights were terminated, Plaintiffs lack standing to pursue any claim on behalf of their children.") (citing *Elk Grove*); *Sefa v. Kentucky*, 510 F. App'x 435, 438 (6th Cir. 2013) ("Sefa lacks standing to assert claims on behalf of the minor children, as he does not establish that he has parental rights over them") (citations omitted); *see also Cross v. Trumbull Cnty. Child. Servs. Bd.*, No. 4:11CV02393, 2012 WL 2155171, at *1-2, 2012 U.S. Dist. LEXIS 81624 (N.D. Ohio June 13, 2012) ("When a plaintiff's parental rights have been terminated, he no longer has standing to pursue any claim on behalf of his children.") (citations and quotations omitted); *Chappel v. Hunter*, No. 1:23-CV-728, 2024 WL 1307221, at *5, 2024 U.S. Dist. LEXIS 55087 (S.D. Ohio Mar. 27, 2024) ("the state's temporary custody determination . . . has deprived [Chappel] of that [next of friend] status necessary for her to assert her children's rights.") (citations and quotations omitted).

Plaintiff asserts there are two relevant exceptions to prudential standing: (1) where the third party is unlikely to be able to sue absent Plaintiff's advocacy, and (2) where there is a commonality of interests between the Plaintiff and the third party.  (Doc. 17 at 200-02.)  These exceptions do not apply here.  (*See* Doc. 18 at 215-17.)  First, E.F.P. can vindicate her rights without Plaintiff filing this lawsuit.  Because E.F.P. is a minor, the limitations period on her claims are tolled until she reaches the age of majority.  *See* O.R.C. §§ 2305.16, 3109.01.  Second, the Court is not persuaded Plaintiff and E.F.P. have a commonality of interests because of the ongoing dependency action.  There is a documented conflict between Plaintiff and E.F.P., which led to CCDCFS being awarded temporary custody of E.F.P.

Plaintiff argues relevant statutes support finding that "temporary custody" is legally distinct from "legal custody."  (Doc. 17 at 204-07.)  To her, this distinction means CCDCFS does

not have legal custody over E.F.P.  This argument is unpersuasive.

Under O.R.C. § 2151.353(A)(2)(a), "If a child is adjudicated an abused, neglected, or dependent child, the court may . . . [c]ommit the child to the temporary custody of . . . [a] public children services agency."  Under the introductory statement "As used in this chapter," "temporary custody" is defined as "**legal custody** of a child who is removed from the child's home, which custody may be terminated at any time at the discretion of the court or, if the legal custody is granted in an agreement for temporary custody, by the person who executed the agreement."  O.R.C. § 2151.011(B)(57) (emphasis added).  In the same section, "legal custody" is defined as "a legal status that vests in the custodian the right to have physical care and control of the child and to determine where and with whom the child shall live, and the right and duty to protect, train, and discipline the child and to provide the child with food, shelter, education, and medical care, all subject to any residual parental rights, privileges, and responsibilities . . . ."  O.R.C. § 2151.011(B)(21).

To Plaintiff, the purported differences in these definitional subsections leads to only one conclusion: she retains parental rights, including the right to sue on her daughter's behalf.  Plaintiff's argument, however, ignores that this section defines both "legal custody" and "temporary custody."  The phrase "legal custody" was included in the definition of "temporary custody."  The Court assumes the Ohio legislature meant what it stated and that its inclusion of "legal custody" in the definition of "temporary custody" was intentional.  *See Beverage Distribs., Inc. v. Miller Brewing Co.*, 690 F.3d 788, 794 (6th Cir. 2012)  ("[a] court must read various provisions of a statute consistently and presume that the legislature intended the entire statute to have meaning and effect") (citing Ohio law).  Plaintiff has directed this Court to no authority supporting a different interpretation of the statute.  This, critically, is Plaintiff's burden.

Plaintiff further argues even if CCDCFS has legal custody, Plaintiff still maintains the ability to bring this lawsuit under her residual parental rights. (Doc. 17 at 206-07.) Under O.R.C. § 2151.011(B)(50), residual parental rights are defined as "those rights, privileges, and responsibilities remaining with the natural parent after the transfer of legal custody of the child, including, but not necessarily limited to, the privilege of reasonable visitation, consent to adoption, the privilege to determine the child's religious affiliation, and the responsibility for support." Residual parental rights are limited. "A parent who loses legal custody of a child cannot see his or her child every day, cannot determine the child's upbringing, education, discipline, or health, cannot speak to the child freely, and cannot engage in any number of other activities and decisions in which parents who have legal custody of their child can engage." *In re C.L.*, 2022-Ohio-3596, ¶ 13 (12th Dist.) (citing § 2151.011(A)(50)). The recognition of "residual parental rights, privileges, and responsibilities" does not foreclose custody in the future and, notably, preserves the parent's right to petition the Court for a modification of custody at some later time. *In re C.S.*, 2022-Ohio-2451, ¶ 18 (3d Dist.). But neither Plaintiff's plan to petition nor her ongoing efforts to regain custody by exercising parental rights, privileges, and responsibilities is sufficient to establish Plaintiff's standing now. Plaintiff has provided this Court with no case law to support any other conclusion. And again, it is Plaintiff's burden to do so.

For these reasons, the Court finds Plaintiff lacks standing to bring this action on E.F.P.'s behalf. This Court lacks subject matter jurisdiction.

C. **Remand**

Having found that it lacks subject matter jurisdiction, the Court must now resolve disposition. Plaintiff argues that remand is the appropriate remedy, not dismissal of the action in its entirety, as Defendants urge.

Defendants removed this action from the Cuyahoga County Court of Common Pleas. Under 28 U.S.C. § 1447(c), "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The Sixth Circuit has established "the futility of a remand to state court does not provide an exception to the plain and unambiguous language of § 1447(c)." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 496 (6th Cir. 1999); *see also Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 913 (6th Cir. 2007) ("a district court must remand a removed case if it appears that the district court lacks subject matter jurisdiction"). Accordingly, this matter is remanded to the Cuyahoga County Court of Common Pleas.

### III.  CONCLUSION

For the reasons stated herein, Defendants' Rule 12(b)(1) motion is GRANTED as to this removed federal action. (Doc. 16.) The Court REMANDS this case to the Cuyahoga County Court of Common Pleas pursuant to 28 U.S.C. § 1447(c).

The Court also notes Plaintiff included juvenile court records with her brief. (Doc. 17 at 211-13.) Pursuant to *Shane Grp. Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 304-06 (6th Cir. 2016) and *In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 938-40 (6th Cir. 2019), the Court seals the last three pages of Plaintiff's brief.

**IT IS SO ORDERED.**

Date:  May 5, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE